# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BLAINE A. KELLEY,**
**Claimant Below, Petitioner**

**vs.)   No.13-0289** (BOR Appeal No. 2047974)
                        (Claim No. 2008045656)


**NEWTOWN ENERGY, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Blaine A. Kelley, appearing pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Newtown Energy, Inc., by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 6, 2013, in which the Board affirmed a December 18, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 7, 2009, decision denying the diagnosis of occupational pneumoconiosis as a compensable component and granted no permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Kelley worked as a coal miner for Newtown Energy, Inc. He stopped working in 2007 due to colon cancer. Mr. Kelley completed a workers' compensation application requesting that occupational pneumoconiosis be held compensable and that he be granted a permanent partial disability award. He submitted two PET scan reports from Raleigh General Hospital that stated he had occupational pneumoconiosis. Jack L. Kinder, M.D., Chairman of the Occupational

1

Pneumoconiosis Board, testified that the Board evaluated Mr. Kelley and took a chest x-ray that was negative for occupational pneumoconiosis. He opined there was no basis to make an occupational pneumoconiosis diagnosis. The claims administrator denied the diagnosis of occupational pneumoconiosis as a compensable component and granted no permanent partial disability award based on the Occupational Pneumoconiosis Board's findings.

The Office of Judges affirmed the claims administrator's decision. It held that the Occupational Pneumoconiosis Board found that Mr. Kelley has no pulmonary impairment attributable to occupational pneumoconiosis and that Mr. Kelley has not submitted sufficient evidence to show that the Occupational Pneumoconiosis Board's findings are clearly wrong. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Kelley disagrees and asserts that after his surgery, the physician informed him that he was remaining on oxygen longer than normal because he was not getting enough oxygen due to his occupational pneumoconiosis. He further asserts that the x-ray report clearly showed the presence of occupational pneumoconiosis and that Dr. Kinder gave false testimony by saying the x-ray was negative for occupational pneumoconiosis. Newtown Energy, Inc., maintains that Mr. Kelley is not entitled to any permanent partial disability award because the Occupational Pneumoconiosis Board found there was no evidence of occupational pneumoconiosis based on its x-rays that were negative for occupational pneumoconiosis.

The Board of Review was correct to affirm the Office of Judges' denial of occupational pneumoconiosis as a compensable component and deny a permanent partial disability award for occupational pneumoconiosis. The Office of Judges relied on the Occupational Pneumoconiosis Board's findings. The Occupational Pneumoconiosis Board noted that Mr. Kelley stopped working in 2007 due to colon cancer. It examined Mr. Kelley on May 26, 2009, reviewed his pulmonary function studies, and took an x-ray of his chest. The Occupational Pneumoconiosis Board found that Mr. Kelley had been exposed to dust hazards approximately thirty-five years but had normal pulmonary function studies and normal x-rays as far as pneumoconiosis. The Occupational Pneumoconiosis Board took an x-ray of Mr. Kelley's chest approximately two years after he had ceased working in 2007 and did not find pneumoconiosis on the x-ray. Therefore, it concluded that there was no basis to make a recommendation of impairment, and the Office of Judges agreed. The Office of Judges noted that Mr. Kelley submitted some evidence of a diagnosis of simple pneumoconiosis but that the evidence was insufficient to establish the Occupational Pneumoconiosis Board's findings were clearly wrong. This Court affirms the Board of Review and holds that the evidence is insufficient to prove Mr. Kelley has occupational pneumoconiosis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II